**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Jose Angel CARDONA GARCIA, also known as Jose Angel Cardo Garcia, Defendant–Appellant.**

**No. 05–50046.**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Decided Nov. 9, 2005.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Alex R. Tandy, Law Office of Alex R. Tandy, Hurst, TX, for Defendant–Appellant.

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM: *

Jose Angel Cardona Garcia ("Cardona") appeals his sentence following his guilty-plea conviction for distributing five grams or more of crack cocaine. For the first time on appeal, he argues that the district court erred in calculating the applicable guideline range on the basis of facts to which Cardona did not admit, in violation

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of *United States v. Booker*, —— U.S. ——, ——, 125 S.Ct. 738, 756, 160 L.Ed.2d 621 (2005). He also asserts for the first time that the district court erred in imposing a sentence under a mandatory guideline scheme, also in violation of *Booker*, 125 S.Ct. at 756–57.

This court reviews these arguments for plain error. *See United States v. Valenzuela–Quevedo*, 407 F.3d 728, 732–33 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 267, —— L.Ed.2d —— (2005); *United States v. Mares*, 402 F.3d 511, 520 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 43, —— L.Ed.2d —— (2005). Cardona cannot show, as required by *Valenzuela–Quevedo* and *Mares,* that the district court would likely have sentenced him differently under an advisory sentencing scheme. Similarly, there is no indication from the court's comments at sentencing that the court felt constrained from departing further from the applicable guideline range when it granted the Government's U.S.S.G. § 5K1.1 motion. Thus, Cardona has not shown that the district court's imposition of the sentence was plain error. *See Valenzuela–Quevedo*, 407 F.3d at 733; *Mares,* 402 F.3d at 521. Accordingly, Cardona's sentence is AFFIRMED.